# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **PAUL STRAIGHT**, | |
| Plaintiff, | CASE NO. 2:20-CV-6551 |
| v. | JUDGE JAMES L. GRAHAM |
| **LG CHEM, LTD.,** *et al.*, | Magistrate Judge Elizabeth P. Deavers |
| Defendants. | |

### PLAINTIFF PAUL STRAIGHT'S MOTION TO DISMISS DEFENDANT VAPOR STATION, LLC WITH PREJUDICE

Plaintiff Paul Straight, by and through his undersigned counsel, hereby moves to voluntarily dismiss Defendant Vapor Station, LLC as a party to the captioned litigation, pursuant to Federal Rule of Civil Procedure 21. Plaintiff therefore requests that the Court enter an order dismissing Defendant Vapor Station, LLC with prejudice.

A proposed Order has been submitted to chambers in accordance with the Court's policy.

*/s/ Mark H. Troutman*
Mark H. Troutman (0076390), *Trial Attorney**
Shawn K. Judge (0069493)*
**Gibbs Law Group LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
mht@classlawgroup.com
skj@classlawgroup.com
**working from Ohio offices*

Angela J. Nehmens (*Pro Hac Vice*)
**Levin Simes Abrams, LLP**
1700 Montgomery Street, Suite 250
San Francisco, CA 94111
Telephone: (415) 426-3000
Facsimile: (415) 426-3001
anehmens@levinsimes.com

*Attorneys for Plaintiff*

**I. LEGAL ARGUMENT**

Federal Rule of Civil Procedure 21 provides that the Court "[o]n motion or on its own . . . [may] add or drop a *party* . . . [or] sever any claim against a *party*." Fed. R. Civ. P. 21 (emphasis added). The United States Court of Appeals for the Sixth Circuit has suggested, without conclusively deciding, "that dismissal of a party, rather than of an entire action, is more proper pursuant to Rule 21," as opposed to Rule 41. *AmSouth Bank v. Dale*, 386 F.3d 763, 778 (6th Cir. 2004) (citing *Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 265-66 (6th Cir. 2003), *recognized as overruled on other grounds in Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008)); *see also Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) ("Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim' . . . [Rule 21] is the one under which any action to eliminate [individual defendants] should be taken."); *Warfel v. Chase Bank USA, N.A.*, No. 2:11-cv-699, 2012 WL 441135, at *2 (S.D. Ohio Feb. 10, 2012) (finding that Rule 21 is proper procedural vehicle to dismiss individual claims or parties).

Plaintiff initially erroneously attempted to notice the dismissal of Defendant Vapor Station, LLC, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (ECF No. 8.) This Court denied Plaintiff's Notice of Voluntary Dismissal with Prejudice as to Defendant Vapor Station because Plaintiff attempted to use the wrong procedural vehicle to dismiss Vapor Station, LLC. (ECF No. 9.) Since that order was issued, this Court has since granted Plaintiff's Motion to Drop, or to Voluntarily Dismiss, Defendant LG Chem America, Inc. with Prejudice (ECF No. 44) and dismissed LG Chem America, Inc. from the case. In light of LG Chem America Inc.'s dismissal, the Court also granted LG Chem America, Inc.'s Motion to Dismiss the Crossclaim of Picktown Vapor (ECF No. 10) in an Order dated September 8, 2021 (ECF No. 45).

As there are no longer any cross-claims pending in this matter, Plaintiff respectfully requests that Defendant Vapor Station, LLC be voluntarily dismissed with prejudice. Counsel for Plaintiff have conferred with counsel for the remaining Defendants, LG Chem, Ltd., Picktown Vapor, LLC, and Vapor Station, LLC. Picktown Vapor, LLC and Vapor Station, LLC agree with Plaintiff that, in the interest of efficiently organizing this action for the benefit of the Court and the remaining parties, Defendant Vapor Station, LLC should be dropped, or voluntarily dismissed, pursuant to Federal Rule of Civil Procedure 21. LG Chem, Ltd.'s own Motion to Dismiss for Lack of Personal Jurisdiction is still pending, and thus LG Chem, Ltd. takes no position on, but does not oppose, the relief sought herein by Plaintiff.

## II. CONCLUSION

For the foregoing reasons, Plaintiff Paul Straight respectfully requests this Court grant Plaintiff's Motion to Dismiss, Defendant Vapor Station, LLC with Prejudice.

Respectfully submitted,

*/s/ Mark. H. Troutman*
Mark H. Troutman (0076390), Trial Attorney
Shawn K. Judge (0069493)
**Gibbs Law Group LLP**
505 14th Street, Suite 1110
Oakland, CA 94612
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
skj@classlawgroup.com
mht@classlawgroup.com

Angela J. Nehmens (CA Bar No. 309433)
*Admitted Pro Hac Vice*
**Levin Simes Abrams, LLP**
1700 Montgomery Street, Suite 250
San Francisco, CA 94111
Telephone: (415) 426-3000
Facsimile: (415) 426-3001
anehmens@levinsimes.com

*Attorneys for Plaintiff*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court through the Court's CM/ECF System on February 10, 2022, which shall automatically send electronic notification of such filing to all CM/ECF participants.

*/s/ Mark H. Troutman*
Mark Troutman
